# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBIN RICKSECKER., ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-18-157-HE |
| ) | |
| LSF9 MASTER PARTICIPATION ) | |
| TRUST, *et al.* ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Robin Ricksecker filed this action against LSF9 Master Participation Trust, Kivell, Rayment and Frances, P.C., and the Canadian County Sheriff's Department, alleging various constitutional, statutory, and tort violations. Proceeding *pro se*, plaintiff filed a complaint and an amended complaint (the "complaint" hereafter). Although the complaint is not clear as to the basis for plaintiff's claims, they appear to arise out of the foreclosure of property owned by plaintiff in Canadian County, Oklahoma.[1]

Defendants have moved for dismissal of plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff has filed a response. Like the complaint, it is a confusing mishmash of conclusory statements and references to legal theories, but does not address in a meaningful way the grounds upon which the motions to dismiss are based.

---

[1] *The complaint refers to a note and mortgage, issues as to who was the holder of it, and the like. Defendants' responses largely fill in the details, referencing Case No. CJ-2015-269, District Court of Canadian County, Oklahoma.*

When considering whether claims should be dismissed under Fed.R.Civ.P. 12(b)(6), the court accepts all well-pleaded factual allegations of the complaint as true and views them in the light most favorable to the plaintiff, the non-moving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). To avoid dismissal, the complaint must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). In other words, the facts alleged in the complaint must allow the court to infer the defendant's liability. Shields, 744 F.3d at 640 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Twombly/Iqbal pleading standard "is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." *Id.* at 640-41.

The complaint's allegations do not state a plausible claim. It is filled with conclusory statements and fragmented factual allegations which do not state a basis for any claim against any defendant. The motions to dismiss [Doc. Nos. 6 & 9] are therefore **GRANTED** and the complaint is **DISMISSED.** Based on the nature of plaintiff's apparent concerns and defendants' descriptions of the underlying state foreclosure case (which plaintiff's response does not dispute), the court concludes leave to amend should be and is **DENIED**.[2]

---

[2] *As defendants correctly note, the sorts of claims plaintiff attempts to assert here are ones which either challenge the determination of the state court or which were or should have been litigated in the state foreclosure proceeding. The Rooker-Feldman doctrine and principles of res*

**IT IS SO ORDERED.**

Dated this 6th day of April, 2018.

                                    JOE HEATON
                                    CHIEF U.S. DISTRICT JUDGE

---

*judicata* preclude re-litigation of those issues here. See generally, <u>Mayotte v. U.S. Bank N.A.</u>, 880 F.3d 1169 (10th Cir. 2018)